## HERNAIZ *v.* CRUZ.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 46.—Resuelto en enero 29, 1907.

NULIDAD DE EXPEDIENTE POSESORIO.—El demandado, en el caso de autos, tramitó un expediente posesorio de dos fincas distintas, una de 120 y la otra de 16 cuerdas, las que inscribió á su nombre; el demandante solicitó la nulidad de ese expediente alegando ser dueño de más de cincuenta y dos cuerdas de terreno, de la finca de ciento veinte cuerdas, y el demandado, reconociendo el derecho del demandante sostiene que el expediente posesorio debe declararse válido y subsistente y lo mismo su inscripción, por lo que respecta al resto de la finca de 120 cuerdas, deducidas las que correspondan al demandante, y por lo que respecta á la otra finca de diez y seis cuerdas, que no es objeto de discusión: *se resolvió* que no siendo el demandado dueño de toda la finca de 120 cuerdas, la declaración de nulidad del expediente tiene que afectar á toda la finca en su totalidad, pues además de otras razones, no estando identificadas las respectivas porciones de las partes, sería imposible hacer una declaración parcial de nulidad; y por lo que respecta á la parcela de 16 cuerdas, que ro ha sido objeto de discusión, el expediente y su inscripción deben declarse válidos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Guzmán Benítez.*

Abogado de los apelados: *Sr. Sarmiento.*

EL JUEZ ASOCIADO SR. MACLEARY emitió la opinión del tribunal.

Este caso empezó en la Corte de Distrito de San Juan por demanda de fecha 13 de enero de 1904 que, por su importancia para la decisión del recurso pendiente, conviene que insertemos literalmente; dice así:

"Don Antonio Sarmiento y Porras, abogado, en nombre de Juan Brígido Rufino y Justo Hernáiz y Ramos y Concepción y Francisco Harnáiz y Filomeno, en su calidad de herederos de su padre legítimo Don Juan Bautista Hernáiz, como más proceda en derecho comparezco y digo:

"Que entablo contra Prudencio de la Cruz, vecino de Río Piedras, demanda sobre nulidad de un expediente posesorio y oposición á que se convierta en inscripción de dominio la inscripción que aquél causara, fundándola en los siguientes hechos:

"1. En dos de septiembre de mil ochocientos sesenta y seis por

ante el notario de esta capital Don Mauricio Guerra los herederos de José de la Cruz otorgaron escritura de división de caudal hereditario que consistía en ciento diez y ocho cuerdas de terreno, sito en el barrio de Sabana Llana del término municipal de Río Piedras.

"2. Dichas ciento diez y ocho cuerdas fueron adjudicadas en la mencionada escritura en la forma siguiente:

"A Prudencio de la Cruz, hijo natural de Polonia y Francisco Luís Coto, marido legítimo de ésta, treinta y una cuerdas y un cuarta de otra; á María, Concepción, Práxedes, Paula, Petrona, y Dionisia de la Cruz, treinta y tres cuerdas y tres cuartos de otra. Y para bajas, cincuenta y tres cuerdas.

"3. Una vez hecha la división de las ciento diez y ocho cuerdas, Juan Bautista Hernáiz, padre de mis constituyentes, adquirió de ellas noventa cuerdas en la siguiente forma:

"(*a*) Veinte y cuatro cuerdas por escritura pública que por veinte y ocho le otorgara Prudencio de la Cruz como facultado para ello por la escritura de división de bienes, ante el Notario Sr. Guerra en catorce de septiembre de mil ochocientos sesenta y seis.

"(*b*) Trece cuerdas por escritura que ante el mismo Sr. Notario le otorgara el Juez de Paz de Río Piedras, Don José Manuel Acosta, en dos de septiembre de mil ochocientos sesenta y ocho, como consecuencia del juicio verbal que Juan Bautista Hernáiz siguiera contra Prudencio de la Cruz y Práxedes, Concepción, Dionisia, Paula y Petrona de la Cruz para que le entregaran cuatro cuerdas de terreno que por disposición del citado Juzgado de Paz le fueron segregadas de las vendidas en la anterior escritura y nueve cuerdas más por compra que hiciera á las últimamente citadas.

"(*c*) Diez cuerdas por compra que hiciera á Prudencio de la Cruz por escritura otorgada ante el mismo Notario Sr. Guerra en veinte y cuatro de enero de mil ochocientos setenta y dos.

"(*d*) Otras diez cuerdas por compra á Francisco Luís Coto, por escritura otorgada ante el propio notario en diez y seis de febrero de mil ochocientos setenta y dos.

"(*e*) Diez cuerdas por escritura de cinco de abril de mil ochocientos setenta y dos otorgadas por el Alcalde Mayor del Distrito de San Francisco, de esta capital, Don Francisco de P. Acuña, ante el mismo notario en autos contra Práxedes, Concepción y Dionisia de la Cruz, sobre que dejasen á la libre disposición de Juan Bautista Hernáiz las treinta y siete cuerdas á que se refieren las dos primeras adquisiciones.

"(*f*) Cuatro cuerdas por compra hecha ante el Juzgado de Paz

de Río Piedras en veinte y seis de junio de mil ochocientos setenta y dos, como albacea de Polonia de la Cruz.

"(*g*) Cuatro cuerdas por compra hecha en 19 de octubre de mil ochocientos setenta y cuatro á Isabel Clemente, que las hubo de Polonia de la Cruz.

"(*h*) Quince cuerdas por compra hecha á Francisco Luís Coto en diez y ocho de febrero de mil ochocientos setenta y uno.

"4. No obstante, estas trasmisiones en la mayor parte de las que intervino personalmente Prudencio de la Cruz, éste tramitó en el Juzgado Municipal de Río Piedras expediente posesorio de todo el caudal hereditario como herencia de su madre Polonia de la Cruz é inscribió á su nombre la posesión de dos fincas, una de ciento veinte cuerdas de terreno, en el barrio de Sabana Llana, sitio de Honduras, lindante por el E. con Don Juan José Marién, por el N. con Valeriano Benítez, por el S. con la sucesión de Don Vicente Ruíz y por el O. con Don Bartolomé Cussó y Salada y otro trozo de diez y seis cuerdas en el mismo barrio, lindante por el E. y S. con Don Bartolomé Cussó y Salada, por el N. con Juliana Andino y por O. con Doña Laura García, en el tomo ciento del Archivo octavo de Río Piedras, fólios 199 y 201, fincas 423 y 424, inscripciones primeras.

"5. Recientemente Prudencio de la Cruz se ha dirigido al Juzgado Municipal de Río Piedras, solicitando la conversión en inscripción de dominio de las de posesión que tan ilegalmente consiguiera, habiéndose publicado edictos en el *Heraldo Español,* convocando con fecha treinta de diciembre último á cuantos se crean perjudicados con dicha conversión para que se opongan á ella dentro del término de quince días.

"6. En cinco de junio de mil ochocientos setenta y seis falleció Juan Bautista Hernáiz, bajo disposición testamentaria que otorgara ante el Notario Don Mauricio Guerra, en dos de noviembre de mil ochocientos setenta y dos, dejando por universales herederos á mis representados, Juan Brígido, Rufino y Justo Hernáiz y Ramos habidos en su matrimonio con Isidora Ramos, y Concepción y Francisco Hernáiz y Filomeno, habidos en su matrimonio con Aquilina Filomeno."

### FUNDAMENTOS DE DERECHO.

"1. Son nulos los actos ejecutados contra lo dispuesto en la Ley, salvo los casos en que la misma ley ordene su validez. (Artículo 4 del Código Civil.)

"2. Para facilitar la inscripción en el registro de la propiedad de los bienes, cuyos propietarios, título de dominio escrito, se faculte

á los propietarios de dichos bienes para inscribir su derecho previa justificación de la posesión de dichos bienes. Artículo 393 de la Ley Hipotecaria. Es de evidencia que esa facultad solo, se concedió á los propietarios.

"3. En la instrucción del expediente posesorio se observarán las siguientes reglas:

"Primera. El escrito en que se pida la admisión de la información expresará . . . . . . . . . .

"3. El nombre y apellido de la persona de quien se haya adquirido el inmueble ó derecho . . . . . . . . .

"Tercera. Los testigos . . . . . . . .

"Contraerán sus declaraciones al hecho de poseer en nombre propio de los bienes el que promueva el expediente.

"4. El expediente posesorio de Prudencio de la Cruz adolece; por consiguiente, del vicio de nulidad, de ser falso que sea el propietario de los terrenos, cuya posesión acreditó y que los adquiriera por herencia de su madre Polonia de la Cruz, pues que de ésta sólo heredó y eso en unión de Francisco Luís Coto, treinta y una cuerdas y un cuarto de otra.

"5. La prescripción comenzada antes de la publicación de este Código se regirá por las leyes anteriores. (Artículo 1840 del Código Civil.)

"6. El dominio y los demás derechos reales sobre bienes inmuebles prescriben por la posesión durante seis años entre ausentes y presentes con buena fe y justo título. (Artículo 3 de la Orden Judicial de 4 de abril de mil ochocientos noventa y nueve.) Cuyos dos últimos requisitos le faltará siempre al dominio que desea inscribir Prudencio de la Cruz.

"7. Las costas se impondrán siempre á la parte, cuyas pretensiones sean totalmente desestimadas. (Artículo 63 de la Orden General, número 118, serie de 1899.) Por lo expuesto, suplico al tribunal que, teniendo por presentada en forma esta demanda y á mí por parte en las diligencias que han de producirse con la representación con que me persono, se sirva admitirla y acordar se cite á Prudencio de la Cruz y se le emplace para que dentro del término de veinte días comparezca y la conteste y en definitiva dictar sentencia, declarando nulo y sin ningún valor ni efecto el expediente posesorio á que se refiere esta demanda, nula así mismo la inscripción que causó en el Registro de la Propiedad de esta Capital, la que deberá ser cancelada y sin lugar, consiguientemente, la conversión de dicha inscripción de posesión en inscripción de dominio, con las costas, por ser todo de justicia.''

Esa demanda se contestó por el demandado Prudencio de la Cruz, consignando que los hechos alegados son inciertos en cuanto á su esencialidad y en cuanto á sus accidentes y por esta razón negó su exactitud y pidió al tribunal que declarase sin lugar la demanda y le absolviese libremente.

Siguió el juicio por sus trámites, practicándose las pruebas que cada parte produjo, consistente en documental y testifical, y el juez en 31 de enero de 1906 pronunció sentencia "siendo de opinión que los hechos y la ley están en favor de la parte demandante y en su virtud declara nulo y sin ningún valor ni efecto el expediente posesorio tramitado en el Juzgado Municipal de Río Piedras á instancia del demandado Prudencio de la Cruz, referente á dos fincas, una de ciento veinte cuerdas de terreno en el barrio de Sabana Llana, sitio de Honduras, Río Piedras, lindante por el Este, con Juan José Marién; por el Norte, con Valeriano Benítez, por el Sur, con la sucesión de Vicente Ruíz y por el Oeste, con Bartolomé Cussó y Salada y otra de diez y seis cuerdas, en el mismo barrio; lindante por el Este y Sur, con Don Bartolomé Cussó y Salada; por el Norte, con Juliana Andino y por el Oeste, con Laura García; nulas de igual modo las inscripciones de posesión de dichas fincas obrantes en el tomo 100 del archivo 8º. de Río Piedras, fólios 199 y 201, fincas 423 y 422, 424 dice la exposición, inscripciones primeras, cuyas inscripciones deberán ser canceladas en la forma procedente, y sin que haya lugar por tanto á convertir las dichas inscripciones de posesión en inscripciones de dominio, con las costas á la parte demandada y líbrese ejecución para cumplir esta sentencia que se registrará en el libro de sentencias de esta Corte."

Contra esta sentencia interpuso recurso de apelación el demandado Prudencio de la Cruz y á esta Corte Suprema se ha traido el récord, constando en él una exposición del caso preparada ya con las enmiendas introducidas por los demandantes y que aceptó el demandado, cuya exposición fué en su oportunidad aprobada por el Juez de la Corte de Distrito de San Juan.

En esa exposición se relaciona sucintamente toda la prueba practicada que junto con la demanda, la contestación y la sentencia, ha·de servirnos para formar juicio y decidir este recurso pendiente hoy de nuestra consideración.

El demandado y apelante, apoyándose más que en otros datos, en su propia declaración rendida en el juicio, reconoce en su alegato escrito ante esta Corte Suprema que los demandantes han acreditado que son dueños de "treinta y ocho cuerdas que le vendió el mismos demandado, de cuatro más que su madre había vendido á Isabel Clemente y de diez más que entregó á la sucesión Hernáiz para transar un pleito en que le cobraban veinte cuerdas por Francisco Luis Coto," que forman en conjunto un total de cincuenta y dos cuerdas y que deducidas de las ciento diez y ocho á que se refiere la demanda, quedan á favor del apelante sesenta y seis cuerdas contra las que no ha debido hacerse pronunciamiento alguno de nulidad ni tampoco contra las diez y seis cuerdas de la otra parcela de terreno á que se refiere el expediente posesorio y la inscripción consiguiente, porque contra esta porción nada se reclamó en la demanda.. Y como la sentencia no reconoce ésto, sino que, por el contrario, declara nulo el expediente posesorio y las inscripciones en su totalidad, dice que se han infringido por el fallo apelado, en cuanto á las sesenta y seis cuerdas de que está en posesión el apelante, el artículo 433 y siguientes del Código Civil, 394 y sus concordantes de la Ley Hipotecaria, el 24 de la misma y la doctrina establecida por esta Corte Suprema en el caso de *José Estevez Torres* contra *Alonso del Río* y *Ramón Montano* y en cuanto á las diez y seis cuerdas, el principio de que los tribunales no pueden ir más allá de lo solicitado por las partes litigantes y por todo ello concluye, pidiendo la revocación de la sentencia apelada y que se declare que las sesenta y seis cuerdas adquiridas y poseídas por Prudencio de la Cruz no han debido incluirse, bajo el pronunciamiento de nulidad, así como tampoco las diez y seis cuerdas contra las que nada en la demanda se ha solicitado.

La parte apelada impugnó el recurso y los pedimentos que se consignan en el alegato del apelante á que nos ·hemos referido.

La demanda no se funda en defectos del expediente posesorio ni tampoco se pide la nulidad de la inscripción, según el artículo 30 de la Ley Hipotecaria, porque carezca de las circunstancias que exige el·artículo 13 de la misma, sino que la nulidad se solicita porque contiene el expediente y la inscripción correlativa un defecto capital, cual es, el de que no siendo el demandado Prudencio de la Cruz propietario de cierta parte de los terrenos á que el expediente se refirió y que á su nombre inscribió en el registro, no pudo, bajo ningún concepto realizar· esos actos porque es un derecho que solo está reservado (artículo 390 de la Ley Hipotecaria) al propietario que carezca de título escrito de dominio y Prudencio de la Cruz sabía que no tenía·tal carácter porque él mismo vendió á Juan Bautista Hernáiz, padre de los individuos demandantes, mucha parte de los terrenos en cuestión y los otros fueron adquiridos por éste de indivíduos copartícipes con dicho demandado Prudencio de la Cruz en la herencia de qué los terrenos proceden.

No favorece al demandado la declaración que prestó como testigo en el juicio, diciendo que promovió el expediente é inscribió á su nombre porque así lo convino con Hernáiz para que éste luego pudiera inscribir á su nombre y sin dificultades las compras que de cierta parte de los terrenos había, realizado. Pero hemos dicho que esta manifestación no le favorece porque ya muerto Hernáiz pretendió el demandado Prudencio de la Cruz convertir en inscripción de dominio esa inscripción de posesión. De modo que trató de consolidar un derecho que no tenía sin contar para nada con los herederos de Juan Bautista Hernáiz que son hoy los que solicitan que se restablezca el imperio de la justicia.

· La prueba documental de los demandantes revela que éstos son dueños por compra de más de cincuenta y dos cuer-

das de terreno de las ciento diez y ocho cuerdas que se adjudicaron á los herederos de José de la Cruz.

La prueba testifical del demandado trata de convencer de que éste está poseyendo sesenta y seis cuerdas al parecer procedente de las ciento diez y ocho á que la demanda se refiere y otras diez y seis cuerdas que no son objeto de la discusión establecida.

Es lo cierto que el asiento de inscripción en el registro, según la exposición del caso, y la misma demanda, trata de dos fincas ó parcelas diferentes ó sea una de ciento veinte cuerdas y otra de diez y seis, numeradas en el registro con los números 423 y 424 y con colindancias cada una, diferentes entre sí.

En este pleito no tratan los demandantes de obtener á su favor una declaratoria de dominio de los terrenos en cuestión, ni de la reivindicación de los mismos por estar detentados por el demandado. Se trata solamente de obtener la declaratoria de nulidad del expediente posesorio promovido por Prudencio de la Cruz y su inscripción consiguiente en el registro de la propiedad y que se declare también sin lugar la conversión de dicha inscripción de posesión en inscripción de dominio, como ya la tenía solicitada el demandado Prudencio de la Cruz.

De modo, que planteado el debate en tales condiciones no es factible acceder á todo lo que solicita el apelante porque no hay términos hábiles para ello.

El demandado Prudencio de la Cruz no pudo promover el expediente posesorio ni inscribir á su nombre la posesión, porque no era el propietario de todas las ciento diez y ocho ó ciento veinte cuerdas á que la demanda se refiere como él mismo lo ha reconocido en su declaración que dió como testigo en el juicio. Luego por este fundamento capital el posesorio y la inscripción consiguiente de las ciento diez y ocho ó ciento veinte cuerdas es nulo, y por consiguiente, sin ningún valor ni efecto en derecho.

Sería de todo punto imposible que nosotros declarásemos nulo en una parte y válido en otra dicho expediente é inscripción correlativa como lo pretende el apelante por lo que res-

pecta á la parcela de 118 ó 120 cuerdas, porque entre otras razones no se identifican debidamente las porciones compradas por los demandantes ni tampoco se identifican las porciones que dice el demandado que le pertenecen y de las cuales afirma que está hoy en posesión. La inscripción adolece, en cuanto á esta finca, de un vicio de nulidad y la demanda se refiere á ella de un modo concreto y categórico. A ella, pues, en totalidad, debe alcanzar el pronunciamiento de nulidad porque como hemos dicho no es fácil, dado el récord que tenemos á la vista, precisar donde están las cuerdas de terreno de los dedandantes ni donde se hallan las que dice que está poseyendo el demandado, ni creemos tampoco que sea posible para el registrador hacer una distinción acabada y perfecta entre unas y otras.

Pero también estamos obligados á guardar la debida congruencia entre lo pedido y lo que haya de concederse.

La demanda no afecta bajo ningún concepto á la parcela de diez y seis cuerdas á que se refirió el posesorio y que también inscribió á su nombre el demandado Prudencio de la Cruz. Esa finca aparece en el registro con número distinto y con colindancias distintas á la anterior. No ha sido objeto de contienda y debemos presumir hoy que Prudencio de la Cruz es el propietario y que por no tener título escrito de dominio, inscribió á su nombre la posesión en el registro de la propiedad. Sobre esta finca no se ha demostrado que también concurra el mismo vicio de nulidad y debe declararse en cuanto á ella válido y eficaz el expediente posesorio y subsiguiente inscripción.

De modo que á nuestro entender, debe declararse nulo el expediente posesorio en cuanto á la finca de 120 cuerdas y su inscripción en el registro con los demás pronunciamientos del caso y válido el posesorio y la inscripción de la finca ó parcela de diez y seis cuerdas, consignándose así en la sentencia que se dicte, sin hacer expresa condenación de las costas del inferior ni las de este recurso.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández y Wolf.

El Juez Asociado Sr. Figueras no intervino en la resolución de este caso.